IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 14-00153-CG |
| | * |
| DANIEL ONEAL NEWBURN | * |

## FACTUAL RESUME

The defendant, **DANIEL ONEAL NEWBURN**, admits the allegation of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**DANIEL ONEAL NEWBURN** understands that in order to prove violation of Title 21, United States Code, Section 846, as charged in Count One of the Indictment, the United States must prove:

1. That two or more persons in some way or manner, came to a mutual understanding to manufacture methamphetamine;

2. That the defendant knowingly and willfully became a member of such conspiracy.

## OFFENSE CONDUCT

During the time frame of the charges in the Indictment the defendant was on a supervised release term CRIMINAL NO. 10-00080-KD. During this same time frame the defendant began to manufacture methamphetamine and use and sell methamphetamine.

The Mobile County Sheriff's Office (MCSO) made two controlled buys of methamphetamine from the defendant. The defendant sold the MCSO informant .8 grams of

Rev. 8/13

1

methamphetamine on April 22, 2014 and 1.3 grams of methamphetamine on April 25, 2014. During the controlled buys, the defendant possessed a rifle in the vicinity of the buys. The rifle can be seen on the video of at least one of the buys and the CI saw the rifle.

On May 2, 2014, the MCSO executed a search warrant at the location where the buys occurred and recovered small amounts of methamphetamine residue, and items used to manufacture methamphetamine. The defendant was not present at the time of the search. The co-defendants were coincidentally driving to defendant's residence when the search was being conducted. The two co-defendants were bringing to the defendant's residence various items used to manufacture methamphetamine to include pseudoephedrine, starter fluid, and cold compresses containing ammonium. The defendant had agreed and conspired with both co-defendants Charles Henry Schaffer and Michael Wilson Massey, Jr., to manufacture methamphetamine. On numerous occasions the defendant, Schaffer and Massey would all manufacture methamphetamine methamphetamine together at the residence. On other occasions the defendant would allow Schaffer and Massey to manufacture methamphetamine at his residence. When the three manufactured methamphetamine together they would each contribute precursor items needed for the "cook" and then they split the methamphetamine yield amongst each other.

The co-defendants attempted to flee when they saw law enforcement at the defendant's residence by trying to back out of a narrow dirt road. City of Citronelle Chief of Police, Shane Stringer, pursued the co-defendants and saw them throw pseudoephedrine, starter fluid and cold compresses out the window of the vehicle. Records show that Schaffer had thirty-five previous purchases of pseudoephedrine and Massey had fifty-two previous purchases. They both had

rejected purchases as well. The co-defendant Schaffer was seen in the vicinity of the defendant's residence during one of the previous controlled buys.

The United States and the defendant agree and recommend to the Court that the defendant be held accountable for 20 to 30 grams of methamphetamine (mixture and substance) for purposes of relevant conduct and that the defendant receive a 2 level enhancement for possession of a weapon pursuant to U.S.S.G. § 2D1.1.(b)(1).

AGREED TO AND SIGNED,

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: _____August 14, 2014_____

_____
GEORGE F. MAY
Assistant United States Attorney

Date: 8/14/14

_____
VICKI M. DAVIS
Assistant United States Attorney
Chief, Criminal Division

Date: 8/15/14

_____
DANIEL ONEAL NEWBURN
Defendant

Date: 8/15/14

_____
ANDREW M. JONES
Attorney for Defendant

3

Rev. 8/13